[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Robert P. Geib, filed an amended complaint dated October 17, 1994, against the defendants, Oshkosh Trucking Corporation (Oshkosh) and National Seating Company (National). CT Page 1985 The plaintiff alleges that he was driving a front load cement mixer truck when the "seat unexpectedly and suddenly `bottomed out' or collapsed, compressed and/or deflated forcefully thrusting the seat to a lower position jolting the plaintiff's body and then propelling him upward causing him to strike his head on the interior ceiling of the truck's cab." The plaintiff claims that the truck was manufactured by the defendant, Oshkosh, and the seat was manufactured by the defendant, National.
On September 20, 1996, Oshkosh filed a second amended answer with special defenses and a two count cross claim against its co-defendant, National. The first count alleges breach of warranties and the second count alleges implied contractual indemnification.
National has filed a motion (#154) to strike both counts of Oshkosh's cross claim. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Napoletano v. CignaHealthcare of Connecticut. Inc., 238 Conn. 216, 232, 680 A.2d 127
(1996). "If facts provable under the allegations [of that pleading] would support a defense or a cause of action, the motion to strike must be denied." RK Constructors., Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
Count One: Breach of Warranties[1]
National asserts that the first count of Oshkosh's cross claim does not allege that notice was given to National, as required by General Statutes § 42a-2-607 (3)(a). Oshkosh defends this count of its cross claim by asserting that National's knowledge of the present lawsuit adequately satisfied the statutory breach of warranty notice requirement.
General Statutes § 42a-2-607 (3)(a) provides in pertinent part: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy. . . ." "The standard by which notice is measured for the purposes of § 42a-2-607 (3)(a) is not as rigorous a standard as that which governs notice of rejection CT Page 1986 under §§ 42a-2-602 and 42a-2-605. As the official comment to § 2-607 points out, and the cases have held, the reason that notification is required to preserve the buyer's remedy of damages for accepted goods is to alert the seller that the transaction is still troublesome rather than to particularize the buyer's entitlement to damages." Stelco Industries. Inc v. Cohen,182 Conn. 561, 565, 438 A.2d 759 (1980).
However, despite the ease with which the notice requirement may be satisfied, Oshkosh's second amended answer and the cross claim therein are devoid of any mention of notice to National. Nor does the second amended answer state that notice was given to National concerning the present lawsuit by the plaintiff. The first count of Oshkosh's cross claim fails to state a cause of action for breach of warranty. Even though this court takes the facts alleged in the cross claim in the light most favorable to the non-moving party and views those facts in a broad fashion;Novametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992); the complete absence of any allegation of notice in the cross claim renders the complaint subject to a motion to strike. National's motion to strike is granted because Oshkosh has not satisfied the notice requirement of General Statutes § 42a-2-607 (3)(a).[2]
 Count Two: Implied Contractual Indemnification
National contends that "indemnity between co-defendants is not permitted as a matter of law in a suit based upon the Connecticut Products Liability Act where the plaintiff has alleged claims against both defendants." Oshkosh defends the second count of their cross claim based upon the case of Kyrtatasv. Stop Shop. Inc., 205 Conn. 694, 535 A.2d 357 (1988).
In Kyrtatas, the court held that "the products liability act has abrogated common law indemnification principals" where all potential defendants are parties to the suit. Kyrtatas v. Stop Shop. Inc., supra, 205 Conn. 702. The court, however, did not "address the question of under what circumstances a party may seek indemnification for liability imposed upon him in a product liability suit through either a statutory or express contractual
claim." (Emphasis added.) Id., 703. Oshkosh requests this court not only to expand the holding of Kyrtatas to cover indemnification under express contractual claims, but to take it a step further and allow implied contractual indemnification claims as well. This would be a giant leap from the dicta CT Page 1987 contained in the Kyrtatas decision. Accordingly, because both Oshkosh and National are parties to the present case, National's motion to strike Oshkosh's claim for indemnification is granted.
So Ordered.
Dated at Stamford, Connecticut, this 3rd March, 1997.
William B. Lewis, Judge.